68 F.3d 461
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thaje R. PADGETT, Plaintiff-Appellee,
and
Shauna D. PARKS, Plaintiff,
v.
Thomas A. WILSON, Defendant-Appellant,
and
Paul WHITE; James Ruff; Mool Sekhawat; South Carolina
State University, Defendants.
 No. 94-2499.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1995.
Decided: October 18, 1995.
 
 Thomas A. Wilson, Appellant Pro Se. Laura P. Valtorta, Cromer & Mabry, Columbia, SC; John Allen O'Leary, O'Leary Associates, Inc., Columbia, SC, for Appellee.
 Before WILKINSON, WILKINS, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In this 42 U.S.C. Sec. 1983 (1988) and state tort action, Thomas Wilson appeals a judgment entered against him on Thaje Padgett's claims of sexual harassment and battery. We affirm.
 
 
 2
 Wilson was the chairperson of the Department of Human Services of South Carolina State University. Padgett alleged state tort claims of outrage and battery, and a Sec. 1983 claim of sexual harassment. Padgett based her claims on an incident when Wilson approached her in the hallway. Padgett had never met and did not know Wilson. Wilson told Padgett to stay still and very deliberately placed his finger on her lips, smearing her lipstick. He then made a suggestive comment. When Padgett asked why he had done it, he replied, "because I have got it like that," meaning because he could. He then walked away.
 
 
 3
 At the outset of the action, Wilson moved for summary judgment. The district court granted the motion as to Padgett's outrage claim, but denied the motion as to her Sec. 1983 sexual harassment claim and her battery claim. At the end of the trial, the jury found that Wilson had violated Padgett's constitutional rights by sexually harassing her, and awarded Padgett $2500 in compensatory damages. The jury also found that Wilson had committed a battery upon Padgett and awarded her an additional $2500 in compensatory damages. Finally, the jury awarded Padgett $20,000 in punitive damages, for a total judgment of $25,000 against Wilson.
 
 
 4
 Wilson filed two post-judgment motions. In these motions Wilson argued that he was entitled to a new trial or alternatively an amended judgment because: (1) closing argument by Padgett's attorney was improper; (2) the jury selection process was tainted; (3) Padgett failed to prove her case; and (4) the district court erred in admitting evidence under Fed.R.Evid. 404(b). The district court denied both motions and Wilson appealed.
 
 
 5
 On appeal, Wilson contended that: (1) the district court erred when it failed to grant Wilson summary judgment on all of Padgett's claims; (2) Padgett failed to state a Sec. 1983 cause of action because, at the time of the incident, Wilson was not acting under color of state authority; (3) Padgett failed to state a Sec. 1983 cause of action because, at the time of the incident, Padgett was unaware that Wilson was a state actor; (4) Wilson is entitled to a new trial because he has discovered additional evidence that was unknown at the original trial; (5) the district court erred in admitting evidence under Fed.R.Evid. 404(b); and (6) as a matter of law, Wilson's conduct towards Padgett was insufficient to constitute a battery.
 
 
 6
 Regarding Wilson's first claim, that the district court erred in denying his pretrial summary judgment motion, this court will not review "the pretrial denial of a motion for summary judgment after a full trial and final judgment on the merits." Chesapeake Paper Prods. Co. v. Stone & Webster Eng'g Corp., 51 F.3d 1229, 1237 (4th Cir.1995). Therefore, because Wilson's case went to trial on the merits and a final judgment was entered, we cannot review Wilson's claim of error at the summary judgment stage.
 
 
 7
 Wilson also claimed that Padgett's Sec. 1983 action failed to state a claim because, as a professor, he was not entitled to touch students and, therefore, he could not have been acting under the color of state law. Although actions of state officials in furtherance of personal or private pursuits are not covered by Sec. 1983, the lack of the appearance of state authority is not determinative of whether the act is done under the color of state law. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989). Rather, the act itself must be carefully examined to determine if the official is acting under the color of state law. Id. Wilson, an employee of South Carolina State University, walked up to Padgett and deliberately smeared her lipstick, and made a suggestive remark. Wilson did this on campus, while at work, and during normal class hours. His actions amounted to misuse of power given by state law, which falls under Sec. 1983. Id. at 874. Because Wilson's conduct amounted to state action, he is presumed to have acted under color of state law. Lugar v. Edmonson Oil Co., 457 U.S. 922, 936 (1982).
 
 
 8
 Regarding Wilson's claim that Padgett failed to state a cause of action because she was unaware that Wilson was a state actor at the time of the incident, there is no requirement under Sec. 1983 that the plaintiff be aware that the defendant is a state actor. 42 U.S.C. Sec. 1983; see also Lugar, 457 U.S. at 926-36. Additionally, Wilson's contention that he is entitled to a new trial because he discovered new evidence, is without merit because the evidence he points to is irrelevant.
 
 
 9
 Finally, the issues raised in Wilson's post-judgment motions (the impropriety of jury selection and closing argument by Padgett's attorney, the failure of Padgett to prove her case, and the district court's error in admitting Rule 404(b) evidence) cannot be fully addressed without a trial transcript. Furthermore, a trial transcript is necessary for full appellate review of Wilson's appellate claims that Rule 404(b) evidence was improperly admitted and that his conduct did not constitute a battery as a matter of law. This Court notified Wilson in a certified letter that he needed to provide the transcript or submit an application for in forma pauperis status and move that the transcript be produced at Government expense or he would waive appellate review of those issues requiring a transcript. Wilson submitted an application for in forma pauperis status, but given his assets and income, it is clear he does not qualify. Accordingly, since Wilson failed to provide a transcript, he has waived appellate review of these issues.
 
 
 10
 In light of the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.
 
 AFFIRMED